UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

THOMAS E. MILES
CHRISTOPHER T. MILES

       Plaintiffs,

V                                     CIVIL ACTION NO.

CAR CENTER, L.L.C., D/B/A/
CAR CENTER OF WALDORF

       Defendant.                      DECEMBER 31, 2008

**COMPLAINT**

**FIRST COUNT:**

1. This is an action for a declaratory judgement, a permanent injunction and damages for violation of  the Truth In Lending Act, 15 U.S.C. § 1601 et seq., and for violation of the Motor Vehicle Information and Cost Saving Act (Odometer Law) 49 U.S.C. § 32801 et seq. and for violation of the Equal Credit Opportunity Act ("ECOA") 15 U.S.C. § 1691 et seq., and for violation of the Md. Ann. Code Commercial Law Repossession § 12-921, and for violation of Md. Ann. Code Commercial Law Article 9, Part (6) of the Uniform Commercial Code and for violation of the Md. Ann. Code Commercial Law Credit Grantor Closed End Credit § 12-1001 et seq.,  and for violation of the Md. Ann. Code Commercial Law Consumer Practices Act § 13-105 *et seq*., and for violation of [COMAR, § 11.12.01.14M(1)(a)(f)] and for Common Law Conversion.

2.  Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1367.

3.  Plaintiff Christopher T. Miles is a resident of Suitland, Prince George's County and the State of Maryland and Thomas E. Miles is a resident of Temple Hills, Prince George's County and State of Maryland.

4.  Defendant Car Center, L.L.C., d/b/a/Car Center of Waldorf hereinafter referred to as ("Car Center") is a domestic corporation with a place of business at 2320 Crain Highway, Waldorf, Maryland 20601.

5.   On or about October 15, 2008 plaintiffs entered into a consumer transaction with defendant Car Center to buy a used 2006 Toyota, VIN STDZA23C96S572874, for personal, family or household use, Purchase Order No. 1 and, Retail Installment Sales Contract ("RISC") No. 1 and financed for a term of 72 months.

6. Car Center did not disclose the lien fee on the RISC.

7. Car Center did not pay to Public Officials the $292 it charged Plaintiffs.

8.  Car Center did not pay off Plaintiff Christopher Miles' trade-in, in the correct amount.

9. Car Center failed to provide the disclosure pursuant to Reg. Z Part 226 prior to consummation of the contract or subsequent to consummation in violation of the Truth in Lending Act.

10. Based on information and belief Car Center charged Plaintiff's more money for government fees than allowed.

11. As a result of Car Center's actions, Plaintiffs have been damaged.

**SECOND COUNT:**

12. The allegations of ¶ No. 5 of Count One are repeated as if fully set forth herein.

13. Car Center violated the Odometer Act in that this defendant failed to issue an odometer statement to Plaintiffs or (b) provided an inaccurate odometer statement to Plaintiffs.

14. Car Center failed to obtain Plaintiffs signature on the title certificate, as required by regulations under federal Motor Vehicle Information and Cost Savings Act ("MVICSA") 49 U.S.C. § 32705. See 49 C.F.R. § 580.5. Based on information and belief had Car Center obtained Plaintiffs' signature on the title certificate, as required, it would have disclosed to Plaintiffs that the Toyota had previously been owned by a rental company, information which Car Center wished to and did conceal from Plaintiffs in order to obtain a better price.

15. Car Center violated the MVICSA by failing to present the vehicle's certificate of title to Plaintiffs and by failing to obtain Plaintiffs' signature on the title certificate, with intent to defraud.

16. As a result of Car Center's violation of the MVICSA, Plaintiffs did not learn the vehicle had been previously titled in the name of a rental car company. Had Plaintiffs know this information; they would not have purchase the car or sustained the damages set forth herein.

17. Plaintiffs have been damaged by Car Center's actions.

**THIRD COUNT:**

18. The allegations of ¶ No.5 of the First Count are repeated as if fully set forth herein.

19. Plaintiffs were "Applicants" within the meaning of the ECOA.

20. Plaintiffs submitted a "Completed Application" for credit in accordance with procedures used by CCWI.

21. Car Center is a "creditor" within the meaning of Regulation B.

22. Car Center informed Plaintiffs at the time they signed RISA No. 1, that they were approved, when in fact Car Center never intended to honor the contract.

23. Car Center took Plaintiff Christopher Miles' trade-in (2000 Mitsubishi) and failed to pay off the outstanding balance.

24. Car Center provided Plaintiffs with the Toyota at time of consummation of the contract.

25. At the time Car Center gave notice of the sale approval, it knew or should have known that this notice was false in violation of the ECOA 15 U.S.C. § 1691 et seq.

26. On or about October 16, 2008 Car Center informed Plaintiff that they must execute a second Purchase Order and a second Retail Installment Sales Contract

27. The termination or rejection of RISC, No. 1, by Car Center constituted adverse action for purposes of the ECOA 15 U.S.C. § 1691 et seq.

28. Car Center failed to provide Plaintiffs the adverse action notice in violation of

the ECOA.

29. On information and belief, Cara Center has inadequate polices or procedures in place to comply with ECOA adverse action notice requirements.

30. Plaintiffs have suffered damages caused by Car Center.

## FOURTH COUNT:

31. The allegations of ¶ No. 5 of the First Count are repeated as if fully set forth herein.

32. Car Center charged Plaintiffs, on Purchase Order, No. 1, and RISC, No. 1 government fees and taxes in excess of those authorized in violation of Md. Ann. Code Commercial Law Credit Grantor Closed End Credit § 12-1005.

33. Plaintiffs have been damaged.

## FIFTH COUNT:

34. The allegations of ¶ No. 5 of the First Count are repeated as if fully set forth herein.

35. On or about October 16, 2008  Car Center requested that Plaintiffs return to its place of business and signed a second (No. 2) Retail Installment Sales Contract ("RISC"), which they did  notwithstanding they had not received denial of credit in the October 15, 2008 transaction, Purchase Order No. 1 and RISC No. 1.

36. Car Center did not disclose the lien fee on the RISC No. 2.

37. Car Center did not pay to Public Officials the sum it charged Plaintiffs on RISC, No. 2.

38.  Car Center did not pay off Plaintiff's trade-in, in the correct amount in RISC, No. 2.

39. Car Center failed to provide the disclosure pursuant to Reg. Z Part 226 prior to consummation of the contract or subsequent to consummation, in RISC No. 2, in violation of the Truth in Lending Act.

40. Based on information and belief Car Center charged Plaintiffs' more money for government fees than allowed, in RISC, No. 2.

41. As a result of Car Center's actions, on RISC, No. 2, Plaintiffs have been damaged.

## SIXTH COUNT:

42. The allegations of ¶ No. 5 of Count One are repeated as if fully set forth herein.

43.  Car Center violated the Odometer Act in that this defendant failed to issue an odometer statement to Plaintiffs or (b) provided an inaccurate odometer statement to Plaintiffs, in transaction No. 2.

44. Car Center failed to obtain Plaintiffs signature on the title certificate, as required by regulations under federal Motor Vehicle Information and Cost Savings Act ("MVICSA") 49 U.S.C. § 32705. See 49 C.F.R. § 580.5. Based on information and belief had Car Center obtained Plaintiffs' signature on the title certificate, as required, it would have disclosed to Plaintiffs that the Toyota had previously been owned by a rental company, information which Car Center wished to and did conceal from Plaintiffs in

order to obtain a better price, in Transaction No. 2.

45.  Car Center violated the MVICSA by failing to present the vehicle's certificate of title to Plaintiffs and by failing to obtain Plaintiffs' signature on the title certificate, with intent to defraud, in transaction No. 2.

46. As a result of Car Center's violation of the MVICSA, Plaintiffs did not learn the vehicle had been previously titled in the name of a rental car company. Had Plaintiffs know this information; they would not have purchase the car or sustained the damages set forth herein, in transaction No. 2.

47. Plaintiffs have been damaged by Car Center's actions.

**SEVENTH COUNT:**

48. The allegations of ¶ No.5 of the First Count are repeated as if fully set forth herein.

49. Plaintiffs were "Applicants" within the meaning of the ECOA. In RISC, No.2.

50. Plaintiffs submitted a "Completed Application" for credit in accordance with procedures used by Car Center.

51. Car Center is a "creditor" within the meaning of Regulation B.

52. Car Center informed Plaintiffs at the time they signed RISA No. 2, that they were approved, when in fact Car Center never intended to honor the contract.

53. Car Center continued to hold Plaintiffs trade-in (2000 Mitsubishi) and failed to pay off the outstanding balance in RISC, No. 2.

54. Car Center provided Plaintiffs with the Toyota at time of consummation of the

contract No. 1.

55. At the time Car Center gave notice of the sale approval, it knew or should have known that this notice was false in violation of the ECOA 15 U.S.C. § 1691 et seq., on RISC, No. 2.

56. The termination or rejection of RISC, No. 1, by Car Center constituted adverse action for purposes of the ECOA 15 U.S.C. § 1691 et seq.

57. Car Center failed to provide Plaintiffs the adverse action notice in violation of the ECOA.

58. On information and belief, Car Center has inadequate polices or procedures in place to comply with ECOA adverse action notice requirements.

59. Plaintiffs have suffered damages caused by Car Center.

**EIGHTH COUNT:**

60. The allegations of ¶ No. 5 of the First Count are repeated as if fully set forth herein.

61. Based on information and belief, Car Center charged Plaintiffs, on RISC, No. 2 government fees and taxes in excess of those authorized in violation of Md. Ann. Code Commercial Law Credit Grantor Closed End Credit § 12-1005.

62. Plaintiffs have been damaged.

**NINTH COUNT:**

65. The allegations of ¶ No. 5 of the First Count are repeated as if fully set forth herein.

66. On or about November 24, 2008 Car Center requested that Plaintiffs return to its place of business and sign a new Purchase Order, which they did (No. 3) and RISC, (No. 3) notwithstanding they had not received denial of credit in the November 24, 2008 transaction, Purchase Order No. 1 and 2 and RISC No.1 and 2 by Car Center.

67. Car Center did not disclose the lien fee on the RISC No. 3.

68. Car Center did not pay to Public Officials the sum it charged Plaintiffs on RISC, No. 3.

69.  Car Center did not pay off Plaintiffs' trade-in, in the correct amount in RISC, No. 3.

70. Car Center failed to provide the disclosure pursuant to Reg. Z Part 226 prior to consummation of the contract or subsequent to consummation, in RISC No. 3, in violation of the Truth in Lending Act.

71. Based on information and belief Car Center charged Plaintiff's more money for government fees than allowed, in RISC, No. 3.

72. As a result of Car Center's actions, on RISC, No. 3, Plaintiffs have been damaged.

**TENTH COUNT:**

73. The allegations of ¶ No. 5 of Count One are repeated as if fully set forth herein.

74.  Car Center violated the Odometer Act in that this defendant failed to issue an odometer statement to Plaintiffs or (b) provided an inaccurate odometer statement to

Plaintiffs, in transaction No. 3.

75. Car Center failed to obtain Plaintiffs signature on the title certificate, as required by regulations under federal Motor Vehicle Information and Cost Savings Act ("MVICSA") 49 U.S.C. § 32705. See 49 C.F.R. § 580.5. Based on information and belief had CCWI obtained Plaintiffs' signature on the title certificate, as required, it would have disclosed to Plaintiffs that the Toyota had previously been owned by a rental company, information which Car Center wished to and did conceal from Plaintiffs in order to obtain a better price, in Transaction No. 3.

76.  Car Center violated the MVICSA by failing to present the vehicle's certificate of title to Plaintiffs and by failing to obtain Plaintiffs' signature on the title certificate, with intent to defraud, in transaction No. 3.

77. As a result of Car Center's violation of the MVICSA, Plaintiffs did not learn the vehicle had been previously titled in the name of a rental car company. Had Plaintiffs know this information; they would not have purchase the car or sustained the damages set forth herein, in transaction No. 3.

78. Plaintiffs have been damaged by Car Center's actions.

**ELEVENTH COUNT:**

79. The allegations of ¶ No.5 of the First Count are repeated as if fully set forth herein.

80. Plaintiffs were "Applicants" within the meaning of the ECOA. In RISC, No.3.

81. Plaintiffs submitted a "Completed Application" for credit in accordance with

procedures used by Car Center.

82. Car Center is a "creditor" within the meaning of Regulation B.

83. Car Center informed Plaintiffs at the time they signed RISA No. 3, that they

were approved, when in fact Car Center never intended to honor the contract.

84. Car Center continued to hold Plaintiffs trade-in (2000 Mitsubishi) and failed to

pay off the outstanding balance in RISC, No. 3.

85. Car Center provided Plaintiffs with the Toyota at time of consummation of the

contract No. 1.

86. At the time Car Center gave notice of the sale approval, it knew or should have

known that this notice was false in violation of the ECOA 15 U.S.C. § 1691 et seq., on

RISC, No. 3.

87. The termination or rejection of RISC, No. 2, by Car Center constituted adverse

action for purposes of the ECOA 15 U.S.C. § 1691 et seq.

88. Car Center failed to provide Plaintiffs the adverse action notice in violation of

the ECOA.

89. On information and belief, Car Center has inadequate polices or procedures in

place to comply with ECOA adverse action notice requirements.

90. Plaintiffs have suffered damages caused by Car Center.

**TWELVETH COUNT:**

91. The allegations of ¶ No. 5 of the First Count are repeated as if fully set forth

herein.

92. Based on information and belief, Car Center charged Plaintiffs, on RISC, No. 3 government fees and taxes in excess of those authorized in violation of Md. Ann. Code Commercial Law Credit Grantor Closed End Credit § 12-1005.

93. Plaintiffs have been damaged.

**THIRTEENTH COUNT:**

94. The allegations of ¶ No. 5 of the First Count are repeated as if fully set forth herein.

95. On or about December 15, 2008, Car Center repossessed Plaintiffs' motor vehicle.

96. Car Center did not provide Plaintiffs within five days of the retaking, written notice of the accelerated sum under such contract and the actual and reasonable expense of retaking and storage pursuant to Maryland Commercial Law statute § 12-921.

97. Car Center did not inform Plaintiffs that it intended to accelerate the note.

98. Plaintiffs have suffered damages.

**FOURTEENTH COUNT:**

99. The allegations of paragraph no. 5 of the First Count are repeated as if fully set forth herein.

100. Car Center did not inform the Plaintiffs, that it was accelerating the note nor did they send to Plaintiffs a notice of their right to cure the default, if any.

101. The vehicle, which is the subject of the action of this action, falls within the definition of "consumer goods" §9-102.

102. In the course of the transaction with Plaintiffs Car Center violated the

provisions of Article 9, Part (6) of the Md. Ann. Code <u>Commercial Law</u> including but not

limited to the following violations.

a). Failure to information prior to disposition of collateral, Md. § 9-614.

b). Failure to provide proper notice of sale, Md. § 9-611.

c). Improper calculation of a deficiency; Md. §  9-616.

d). Failing to sell the vehicle in a commercially reasonable manner, Md. § 9-610.

e). Frustrated the Plaintiffs' right to redeem the collateral Md. § 9-623.

**FIFTEENTH COUNT:**

103. The allegations of paragraph no.5 of the First Count are repeated as if fully set

forth herein.

104.  Based on information and belief, Car Center refused and continues to

refuse to release to Plaintiffs their automobile.

105.  Car Center has converted Plaintiffs' automobile to its own use.

106. Plaintiffs have suffered monetary damages.

**SIXTEENTH COUNT:**

107. The allegations of paragraph no.5 of the First Count are repeated as if fully set

forth herein.

108. Car Center has committed one or more unfair or deceptive acts or practices in

three (3) transactions, in violation of the Md. Consumer Protection Act § 13-105 et seq.,

including, but not limited to: failing to disclose to Plaintiff accurate financial terms of the

transaction.

109. Car Center converted plaintiffs' auto to its own use.

110. Car Center wrongfully repossessed Plaintiffs' automobile in violation of Maryland State Statutes.

111. Car Center failed to disclose that the automobile was a daily rental, in three (3) transactions, in violation of Maryland State Statutes, Regulation, and 11.12.01.14 Department of Transportation.

112. Car Center failed to provide the Plaintiffs, in three (3) transactions, with an odometer statement as required by the Federal Odometer Act on the proper title documents and did not show plaintiff title at time of sale.

113. Car Center violated the Equal Protection Act, in three (3) transactions by failing to provide Plaintiffs the Adverse Action Notice.

114. Car Center violated the Maryland Regulation 11.12.01.14 on advertising consumer goods without intent to sell it as advertised.

115. Car Center violated the Maryland Regulation on advertising by advertising in a manner that was false, deceptive, or misleading.

WHEREFORE, it is respectfully prayed that this Court:

1.  Award Plaintiffs statutory damages, actual damages, and costs and a reasonable attorney's fee on Count I.

2.  Award Plaintiffs treble damages (3 x actual damages) or $1,500 statutory damages, whichever is greater, cost and attorney fees on Count II.

3. Award Plaintiffs actual damages, statutory damages, punitive damages, cost and attorney fees pursuant to § 14-1009 within the meaning of Title 13 of this article as subject to the enforcement and penalty provisions contained in Title 13. on Count III.

4. Award Plaintiffs statutory damages on Count IV.

5. Award Plaintiffs statutory damages, actual damages, and costs and a reasonable attorney's fee on Count V.

6. Award Plaintiffs treble damages (3 x actual damages) or $1,500 statutory damages, whichever is greater, cost and attorney fees on Count VI.

7. Award Plaintiffs actual damages, statutory damages, punitive damages, cost and attorney fees pursuant to § 14-1009 within the meaning of Title 13 of this article as subject to the enforcement and penalty provisions contained in Title 13. on Count VII.

8. Award Plaintiffs statutory damages on Count VIII.

9. Award Plaintiffs statutory damages, actual damages, and costs and a reasonable attorney's fee on Count IX.

10. Award Plaintiffs treble damages (3 x actual damages) or $1,500 statutory damages, whichever is greater, cost and attorney fees on Count X.

11. Award Plaintiffs actual damages, statutory damages, punitive damages, cost and attorney fees pursuant to § 14-1009 within the meaning of Title 13 of this article as subject to the enforcement and penalty provisions contained in Title 13. on Count XI

12. Award Plaintiffs statutory damages, actual damages on Count XII.

13. Award Plaintiffs statutory damages on Count  XIII.

14. Award Plaintiffs statutory damages on Count XIV

15.  Award Plaintiffs statutory damages on Count XV.

16.  Award Plaintiffs actual damages, statutory damages, punitive damages and

attorney's fees for Violation of the Md. Ann. Consumer Protection Act on Count XVI.

17.  Award such other or further relief, as the Court deems just or equitable.


THE PLAINTIFFS


BY_____

Bernard T. Kennedy, Esquire
P.O. Box 657
Edgewater, MD 21037
Ph   (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com